```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MAURICE M. PRICE              :        CIVIL ACTION
                              :
       v.                     :
                              :
JAMES T WYNDER, et al.        :        NO. 07-972
```

ORDER

AND NOW, this 5th day of February, 2008, upon consideration Price's petition (docket entry # 4), defendants' response in opposition (docket entry # 14), the report and recommendation of Magistrate Judge David R. Strawbridge (docket entry # 19), and Price's objections (docket entry # 22) and the Court finding that:

(a)   Price raises six grounds for the granting of the writ of habeas corpus, each of which comes to us in the form of a claim of ineffective assistance of counsel and each of which was raised and denied in his petition under the Pennsylvania Post Conviction Relief Act, 42 Pa. C.S. § 9541, et seq.;

(b)   Because each of Price's claims was adjudicated on the merits in his PCRA proceeding, we may not grant the writ of habeas corpus unless we find that the state court's decision either "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d);

(c)  It is important to note, then, that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly" but must also find that the state court's application was unreasonable, <u>Williams v. Taylor</u>, 529 U.S. 362, 411 (2000);

(d)  If he can meet that standard as to any claim, Price must then demonstrate ineffective assistance of counsel by showing that his attorney's representation fell below "an objective standard of reasonableness," <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," <u>id.</u> at 694;

(e)  Any reviewing court, including both the PCRA court and this Court, "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy," <u>id.</u> at 689 (internal quotation omitted);

(f)  Thus, the statutory and precedential barriers to Price's petition are quite high;

(g) Tellingly, Price makes no real attempt to overcome these hurdles,[1] but instead simply reargues the merits of his claims in much the same form in which he presented them to the state court;

(h) Because this is insufficient to carry Price's burden on his petition here, we must deny it;

(i) Price's first claim is that counsel was ineffective for failing to call the mother of Price's children, Terica Martin, at trial;

(j) The state court found, based on trial counsel's testimony at the PCRA hearing, that counsel's decision not to call Terica Martin represented a valid strategic decision at trial and, therefore, that counsel was not ineffective;

(k) Price provides no basis for a finding that the state court's analysis was an unreasonable interpretation of federal law and, indeed, based on the testimony at the hearing, we agree with the PCRA court that Strickland compels a finding that counsel's decision did not rise to the level of ineffective assistance;

---

[1] Indeed, Price's only reference to the language of Section 2254(d)(2) is his claim that Judge Strawbridge's report and recommendation should be rejected because it "involves an unreasonable application of clearly established federal law." Pet. Obj. at 1. Not only do we disagree with Price's contention, but it misses the point. In order to prevail, he must show that the state court proceedings involved such an unreasonable application. He is unable to do so.

(l)   Price next claims that trial counsel was ineffective for failing to object to the testimony of jailhouse informant Kevin Martin;

(m)   The PCRA court found that counsel's decision to vigorously cross-examine Martin rather than attempt to strike his testimony was "not so unreasonable that no competent lawyer would ever employ it," PCRA Order at 12;

(n)   Not only can we not find that that determination was an unreasonable application of <u>Strickland</u>, but Price has still never articulated a basis on which trial counsel could have objected to Martin's testimony;

(o)   Thus, once again, Price provides us no grounds for disturbing the PCRA court's determination of these issues;

(p)   Price next alleges ineffective assistance on the basis of counsel's failure to challenge the "discretionary aspects of [his] sentence", Pet. at 10;

(q)   Once again, Price fails to identify specific information, available to counsel at sentencing, that would have justified such an objection;

(r)   Counsel testified at the PCRA hearing that he had no information at that time to support Price's claim that the PSI had misreported his criminal history;

(s)   The PCRA court credited that testimony in determining that counsel was not ineffective;

(t)   Nothing that Price has presented here gives us any basis for disturbing the PCRA court's factual finding in that

regard and Price has certainly failed to show that crediting counsel's testimony was unreasonable;

  (u) Price can only rebut the PCRA court's finding of fact by the presentation of clear and convincing evidence that it is incorrect, see 28 U.S.C. § 2254(e);

  (v) Because he not done so, we must accept the findings of fact of that court, specifically that trial counsel's testimony was credible;

  (w) Once we accept counsel's testimony, we cannot find that his assistance was unreasonable for failing to make an objection for which he had no evidentiary support;

  (x) Price next claims ineffective assistance for counsel's failure, when the question of her suitability was raised during trial,[2] to move to dismiss juror number 2;

  (y) Counsel testified at the PCRA hearing that he made the determination that Price was better off with juror number 2 than with the alternate juror who would have replaced her;

  (z) Jury selection is exactly the sort of strategic decision that it is impossible to second guess from the position of a reviewing court and so, in all but the most egregious circumstances, we must assume that jury determinations were reasonable strategic decisions;

  (aa) Here, that decision is supported by Price's co-defendant's decision also not to seek her removal and by the

---

[2] There were allegations that the juror was sleeping during closing arguments and at one point during those arguments, she attempted to ask a question of the attorney.

colloquy that the judge undertook with both defense attorneys when the issue arose;

  (bb) We find no basis for second-guessing counsel's decision and certainly can find no grounds for determining that the PCRA court was unreasonable for failing to do so;

  (cc) Price's fifth claim is that counsel was ineffective for failing to call him to the stand at trial;

  (dd) Again, here the PCRA court made a specific factual determination after a hearing that counsel was credible when he testified that he reviewed the decision with Price and Price agreed not to testify;

  (ee) Although Price now disputes that factual finding, he offers nothing resembling clear and convincing evidence that we should overturn the PCRA court's factual determination on this point;

  (ff) Indeed, he offers only his own self-serving declaration that counsel did not discuss the issue with him;

  (gg) We must, therefore, accept the PCRA court's determination of the facts and deny Price's claim;

  (hh) Finally, Price claims that appellate counsel was ineffective for failing to file a timely concise statement of reasons, effectively waiving Price's appeal rights;

  (ii) The PCRA court found that, although this fell below an acceptable level of performance, Price suffered no prejudice because the Superior Court specifically found that it would have

denied Price's claims on the merits even had they not been defaulted;

(jj) Because the Superior Court's finding makes it clear that Price suffered no prejudice and because Price offers us no reason to disturb the PCRA court's determination that he suffered no prejudice, his <u>Strickland</u> claim must fail;

(kk) Price having asserted no grounds that allow us to disturb the PCRA courts determination of his case, we must deny his petition in this Court;

It is hereby ORDERED that:

1.   Judge Strawbridge's report and recommendation is APPROVED and ADOPTED;

2.   Price's petition for writ of habeas corpus is DENIED;

3.   Price having made no substantial showing of the denial of a constitutional right, we DECLINE to issue a certificate of appealability; and

4.   The Clerk of Court shall CLOSE this matter statistically.

BY THE COURT:

<u>/s/ Stewart Dalzell, J.  </u>